**CLEVELAND (City), Plaintiff-Appellee, v. RICHARD, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21870.   Decided October 23, 1950.

A. P. Lysowski, for plaintiff-appellee.
S. F. Komito, for defendant-appellant.

(CONN, PJ, CARPENTER, J, FESS, J, of the 6th District sitting by designation in the 8th District.

## OPINION

By CONN, PJ:

The defendant, Raymond Richard, filed in this court his appeal on questions of law from a judgment entered in the Municipal Court of Cleveland, Criminal Branch, finding said defendant guilty of a violation of Section 2404-6 of the traffic code of said city.

The section of the traffic code above referred to reads as follows:

"The driver of a vehicle emerging from an alley, driveway, or building, shall stop such vehicle immediately prior to driv-

ing on to a sidewalk or into the sidewalk area extending across any alley, and upon entering the roadway, shall yield the right-of-way to all vehicles approaching on said roadway."

The affidavit filed by the complaining witness, William J. Corrao, charged that defendant

"unlawfully drove his automobile from a driveway into the flow of traffic on the main thoroughfare without due regard for vehicle law on said street and failed to yield the right-of-way."

To the charge laid in the affidavit, the defendant entered a plea of "not guilty." It became incumbent on plaintiff to establish beyond a reasonable doubt each and every material averment therein.

As already pointed out, the affidavit charged that the defendant unlawfully drove his automobile from a driveway into the flow of traffic on a main thoroughfare and also that defendant failed to yield the right of way. It is admitted or established by the evidence that the alleged violation of the ordinance occurred at the intersection of Walworth Avenue and West 61st Street; that Walworth Avenue is a three lane highway extending in a general easterly and westerly direction; that West 61st Street is a north and south street and shortly after it intersects Walworth Avenue it comes to an end to the south at a point where it is intersected by a railroad track.

The prosecuting witness testified that he was proceeding east on Walworth Avenue; that when about thirty feet west of said intersection. he first observed defendant's automobile headed northwesterly at about the center line of Walworth Avenue and that to his best recollection it was moving slowly.

On cross-examination, this witness testified that he could not say whether or not defendant "made a stop at the southeast corner of said intersection" due to the fact that parked automobiles on the south side of Walworth Avenue obstructed his vision. Plaintiff called a police officer who did not witness the accident but who testified that he did observe debris from the accident in the middle of Walworth Avenue and on cross-examination testified that the most easterly one of the automobiles parked on the south side of Walworth Avenue was parked close to the corner of West 61st Street. The officer further testified, over the objection of defendant, that it was his understanding that West 61st Street south of Walworth Avenue had been abandoned by the city and vacated as a public street.

No further evidence was offered by the plaintiff and there-

upon the defendant moved for a directed verdict of acquittal, which motion was overruled.

The defendant was called as a witness and testified that he proceeded north on West 61st Street and brought his automobile to a full stop at the southeast corner of the intersection with Walworth Avenue; that he looked to his right and left but that his vision to his left was obscured due to the line of parked automobiles on the south side of Walworth Avenue; that he put his car in first gear and proceeded slowly to a point in the intersection where he could see oncoming east-bound traffic on Walworth Avenue at which point the front of his automobile was approximately in the center of said avenue and that he then observed the automobile of the prosecuting witness approaching from the west about sixty feet away; that he brought his automobile to a stop to permit this on-coming car to pass but that it collided with the left front part of his automobile. He also testified that he was then occupying about one and a half lanes of Walworth Avenue.

No further testimony was offered and thereupon the defendant moved for "a directed verdict of acquittal" which motion was overruled.

Under the ordinance and the charges laid in the affidavit it was incumbent on the plaintiff to establish by the required degree of proof the following material issues of fact:

1. That the defendant was "the driver of a vehicle emerging from * * * driveway * * *."

2. That he did not stop immediately prior to driving on the sidewalk or into the sidewalk area;

3. That he failed to yield the right of way.

The testimony of the police officer that it was his understanding that West 61st Street south of Walworth Avenue had been abandoned by the city was incompetent and should have been stricken out upon objection being interposed by the defendant. No competent evidence was offered that the roadway or street over which defendant drove his automobile as he approached and entered Walworth Avenue was a private driveway or alley.

The testimony of defendant that he brought his automobile to a stop before entering the intersection and that he thereafter proceeded slowly and upon discovering the on-coming automobile from the west again made a stop is nowhere directly challenged.

No evidence was offered that Walworth Avenue is a main thoroughfare as charged in the affidavit. While it is not necessary under the ordinance to establish this averment,

it may be noted that the automobile of the prosecuting witness was approaching an intersection from defendant's left and that the defendant had then already entered the intersection after making a stop and was observed in the intersection by the prosecuting witness when he was thirty feet or more away. From all that the record shows there remained one-half of Walworth Avenue open and unobstructed over which the automobile approaching from the west could have passed.

We are of the opinion that the court erred in overruling defendant's motion for acquittal at the conclusion of all the evidence and that the judgment should be reversed and the defendant discharged.

CARPENTER, J, FESS, J, concur.